Randall G. Nelson
Thomas C. Bancroft
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
rgnelson@nelsonlawmontana.com
tbancroft@nelsonlawmontana.com
    *Attorneys for Tyler Edwards and*
    *Joshua Nolan*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TODD KOLSTAD, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF GLASGOW; VALLEY COUNTY; ROBERT WEBER; TYLER EDWARDS; JOSHUA NOLAN; DOES 1-10; and CORPORATIONS A-J, <br><br> Defendants. | Cause No. CV-23-147-BLG-SPW-TJC <br><br> **TYLER EDWARDS' and JOSHUA NOLAN'S PRELIMINARY PRETRIAL STATEMENT** |

Defendants, Tyler Edwards and Joshua Nolan (collectively referred to herein as "Officers"), by and through their attorneys, Nelson Law Firm, P.C., respectfully submit the following Preliminary Pretrial Statement pursuant to L.R. 16.2(b)(1).

(A)    <u>BRIEF FACTUAL OUTLINE OF THE CASE</u>.

Officers Joshua Nolan and Tyler Edwards responded to a 911 call by Plaintiff, Todd Kolstad's ("Kolstad") minor daughter, who explained that she was

in fear for her mother's safety.  The Officers responded to the residence and were invited in.  Per custom in any PFMA potential situation, the Officers began to locate the spouse in the home and separate Kolstad from his wife.  Initially he was non-compliant with the Officers' instructions, and eventually became combative.  The Officers proceeded to restrain Kolstad and handcuff him.  Kolstad forcefully fought against the handcuff restraints, which undoubtedly self-inflicted some pain/injury in the wrist area.  When exiting the home, Kolstad attempted to drop to the ground to avoid transportation to the police station.  Outside, the Officers ensured that the handcuffs were double locked after inserting a finger in between the wrists and cuffs to ensure appropriate deployment of the handcuffs, which is seen on the body cam video.  During transport to the police station, after Kolstad stopped fighting against the handcuffs, he did not complain of pain from the handcuffs.  The Officers requested a medical evaluation from the ambulance crew on duty, and thereafter turned Kolstad over to Detention Officers without incident.

(B)     BASIS FOR FEDERAL JURISDICTION AND VENUE.

Federal court jurisdiction is appropriate under 28 U.S. C. §1332.  The Officers are citizens of Montana.  The Officers do not oppose venue in the Billings Division.

(C)     FACTUAL BASIS OF EACH CLAIM OR DEFENSE.

The Officers' use of force and handcuffs was necessary, reasonable, and appropriate to Kolstad's non-compliance and aggressive resistance.

//                                                                                                                        //

(D)     LEGAL THEORY UNDERLYING EACH CLAIM OR DEFENSE.

Peace officers are legally entitled to use force to make an arrest, defuse a situation, or to protect themselves or others from harm.  The Supreme Court has recognized that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat."  However, the degree of coercion or force used must be proportional to the threat and escalate only in response to the threat.  In general, officers are expected to refrain from using any force which exceeds the minimum amount necessary, as it appears to a reasonable officer in the same or similar circumstances.  The scale of escalation of use of force is from mere physical presence on the "least" end of the spectrum, to lethal force on the other end.

In an excessive force case, the federal right at issue is one's Fourth Amendment right against unreasonable seizures, *Graham v. Conner*, 490 U.S. 386, 394 (1989), and the claims must be analyzed under what is commonly referred to as the *Graham* "objective reasonableness" standard.  *Estate of Simpson v. Yellowstone County*, 229 F. Supp. 3d 1192, 1202 (D. Mont. 2017).  The claims must be analyzed under what is commonly referred to as the *Graham* "objective reasonableness" standard.  *Estate of Simpson v. Yellowstone County*, 229 F. Supp. 3d 1192, 1202 (D. Mont. 2017).  Where the incident is captured on body cam, there is no disputed issue of fact.

The Officers did not violate a known constitutional right of Kolstad, as such the application of qualified immunity is appropriate.

The Officers are immune from liability pursuant to Mont. Code Ann. § 2-9-305.

(E) COMPUTATION OF DAMAGES.

The Officers do not seek damages in the lawsuit, but reserve the right to seek attorneys' fees and costs either as prevailing party or because the action is frivolous.

(F) RELATED STATE OR FEDERAL LITIGATION.

None.

(G) PROPOSED STIPULATIONS OF FACT AND LAW.

The Officers propose:

1. Stipulation to the underlying facts per the body cam footage;

2. To the factual record of the police reports; and

3. To the chronology of events.

(H) PROPOSED DEADLINES RELATING TO JOINDER OF PARTIES OR AMENDMENT OF THE PLEADINGS.

Joinder and amendment deadline of 30 days after the Preliminary Pretrial Conference.

(I) CONTROLLING ISSUES OF LAW.

1. Mont. Code Ann. § 2-9-305;

2. Qualified immunity; and

3. Federal use of force common law, *Graham v. Conner*, 490 U.S. 386, 394 (1989).

//                                                                                                                      //

(J)  **INDIVIDUALS WITH INFORMATION**.

    1.    Todd Kolstad;

    2.    Mrs. Kolstad;

    3.    The Kolstad minor daughter; and

    4.    The named Defendants.

(K)  **INSURANCE AGREEMENTS**.

The policy has been provided.

(L)  **SETTLEMENT/PROSPECTS FOR COMPROMISE**.

The case has non-existent prospects for compromise.

(M)  **SUITABILITY OF SPECIAL PROCEDURES**.

The Officers do not anticipate that any special procedures are indicated.

DATED this 10th day of April, 2024.

    /s/ Randall G. Nelson
Randall G. Nelson
NELSON LAW FIRM, P.C.
ATTORNEYS FOR TYLER EDWARDS,
AND JOSHUA NOLAN